# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

132763 & (17)(18)(19)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

DAVID E. DUYST,
   Defendant-Appellant.

SC: 132763
COA: 269911
Kent CC: 00-009779-FC

_____/

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the October 26, 2006 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The motion to remand and the motion to release physical evidence for independent testing are DENIED.

CAVANAGH, J., dissents and states as follows:

I would remand this case to the Kent Circuit Court for entry of an order granting the defendant's request for release and testing of the physical evidence specified in Issue VI of the defendant's application for leave to appeal to this Court and described in his motion for testing. After such tests are complete, I would permit defendant to file a motion in the circuit court seeking the appropriate evidentiary hearing(s) and to renew his motion for relief from judgment. I would further hold that the defendant's application for leave to appeal any decision by the circuit court regarding motions filed under this order would not be barred by MCR 6.502(G) or MCR 6.508(D)(2).

KELLY, J., dissents and states as follows:

Defendant moved for forensic testing of evidence and for an evidentiary hearing. The trial court considered these motions along with defendant's motion for relief from judgment. It denied all of them for failure to establish good cause under MCR 6.508(D).

The offer of proof that defendant made is quite extraordinary and separates his motion from the typical motions for relief from judgment. Defendant's offer of proof indicates that the expert testimony at his trial was unreliable because it was based on incomplete testing. Defendant asserts that his trial counsel was ineffective for failing to investigate, request testing, or provide adequate rebuttal expert testimony. Defendant's trial counsel represented him on appeal and did not make a claim for ineffective assistance of counsel or raise any issues related to the handling of expert testimony. Hence, counsel may have been ineffective at two levels.

I believe that the trial court should not have denied defendant's motion for relief from judgment for failure to establish good cause. Defendant could not establish good cause without testing the evidence. I would remand the case so that the trial court could order independent testing of the evidence and hold an evidentiary hearing under MCR 6.508(C) on the issue of ineffective assistance of counsel. Only after that would the trial court be in a position to rule on defendant's motion for relief from judgment.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_Corbin R. Davis_
Clerk

d0129